THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK GRAY, Defendant-Appellant.

Second District    Nos. 79-318, 79-540, 79-541 cons.

Opinion filed August 20, 1980.

Mary Robinson and Marilyn J. Martin, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis J. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Mark Gray, a minor, appeals from the guilty verdicts and resulting sentences in three bench trials in which he was tried as an adult. In the first trial he was found guilty of rape, aggravated battery and deviate sexual assault and on April 26, 1979, was sentenced to imprisonment for a term of 30 years. In the second trial defendant was found guilty of rape, aggravated battery, deviate sexual assault and robbery and in the third trial, he was convicted of aggravated battery and aggravated assault. Sentencing in the latter two cases took place on August 10, 1979, when defendant was sentenced to a term of 30 years' imprisonment for the offenses for which he was convicted in the second trial and, as a result of his third trial, he was sentenced to concurrent terms of 5 years for aggravated battery and 11 months for aggravated assault, the sentences to run concurrently with one another and with the sentences imposed in the second trial. The sentences in the latter two cases were to run consecutively with the 30-year sentence imposed after the first trial on April 26, 1979. Defendant appeals, and the three cases have been consolidated in this court.

In each of these cases, defendant has raised the sole issue of whether Illinois courts should adopt a *per se* rule excluding a minor's admissions from evidence unless the minor was given an opportunity to consult a parent or a responsible and interested adult prior to waiving his rights against self-incrimination. At the time of his initial apprehension, and in the absence of his father, defendant had made inculpatory statements to police officers essentially admitting the charges against him. His motion to suppress these statements was denied on the grounds that under the totality of the circumstances it was apparent that he had waived his rights and the statements were voluntary. Evidence of defendant's statements was presented at each of the ensuing trials.

Defendant contends that the totality-of-the-circumstances test used by the trial court to measure the voluntariness of his statements is inadequate. He draws our attention to cases from other jurisdictions (*e.g.*, *State in Interest of Dino* (La. 1978), 359 So. 2d 586, *cert. denied* (1978),

439 U.S. 1047, 58 L. Ed. 2d 706, 99 S. Ct. 722; *Commonwealth v. Webster* (1975), 466 Pa. 314, 353 A.2d 372; *Lewis v. State* (1972), 259 Ind. 431, 288 N.E.2d 138) which have created a *per se* rule requiring exclusion of confessions by juveniles made without the opportunity to consult with a parent or other interested adult who has also been previously advised of the minor's constitutional rights. It is clear, however, that a test which avoids *per se* rules but focuses instead on the totality of the circumstances surrounding the giving of a confession does not offend constitutional due process. (*Fare v. Michael C.* (1979), 442 U.S. 707, 61 L. Ed. 2d 197, 99 S. Ct. 2560.) Our supreme court has held that the voluntariness of a confession by a juvenile must be judged on the totality of the circumstances (*People v. Prude* (1977), 66 Ill. 2d 470, 363 N.E.2d 371, *cert. denied* (1977), 434 U.S. 930, 54 L. Ed. 2d 291, 98 S. Ct. 418; *People v. Steptore* (1972), 51 Ill. 2d 208, 281 N.E.2d 642), and we decline to adopt the position suggested by defendant. *In re Stiff* (1975), 32 Ill. App. 3d 971, 336 N.E.2d 619; see also *In re Bizzle* (1976), 36 Ill. App. 3d 321, 343 N.E.2d 633.

We also note that in case No. 79-318 (referred to as the first trial) evidence of defendant's inculpatory statement was introduced by the State only in rebuttal to defendant's alibi defense. Even under the *per se* rule followed by Louisiana a minor's statement which is inadmissible under *Dino* may nevertheless be used for impeachment purposes if given voluntarily in light of the totality of the circumstances. *State v. Kent* (La. 1979), 371 So. 2d 1319; *cf. People v. Sturgis* (1974), 58 Ill. 2d 211, 317 N.E.2d 545, *cert. denied* (1975), 420 U.S. 936, 43 L. Ed. 2d 412, 95 S. Ct. 1144.

Although it is well established that the receipt in evidence of a minor's incriminating statement is to be considered with the greatest care (*People v. Tolbert* (1980), 81 Ill. App. 3d 977, 401 N.E.2d 1004), defendant has not contended that the totality-of-the-circumstances test was erroneously applied by the trial court in this case.

The judgment of the Circuit Court of Lake County is therefore affirmed.

Affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.